UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,

Case No. 6:16-cv-982

OFFICE OF THE ATTORNEY GENERAL,
STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS

Case: 1:20-mc-00086
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 9/15/2020
Description: Misc.

Plaintiff,

v.

GREGORY GUICE

## MOTION TO QUASH AS TO SUBPOENA DOCUMENTS FOR GREGORY GUICE FROM PAYPAL HOLDINGS, INC.

Petitioner, Gregory Guice, pursuant to Section 1101 of the Right to Financial Privacy Act of 1978 as well as 12 U.S.C. 3401, et seq., 16 CFR § 3.34, Federal Rules of Civil Procedure 45 and 26, hereby moves this Honorable Court to quash the subpoena served to petitioner on August 17, 2020. This subpoena requires the productions of petitioner's financial records maintained at PayPal Holdings. Inc. In support of this notion the Petitioner states as follows:

1. Petitioner was/is a customer of PayPal Holdings, Inc. as defined under 12 U.S.C. 3410.

2. The financial records sought by the Commission are not relevant to the law enforcement inquiry described in the Commission's notice of request for financial records, because the account is owned by Petitioner personally for about 7 years, has remained solely in Petitioner's name individually.

3. Moreover, Kevin W. Guice, has never been an owner of the account, nor has he ever been signatory on the account.

RECEIVED
Mail Room

SEP 15 2020

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

4. Additionally, The Federal Trade Commission's request to be given copies of Petitioner's monthly statements, checks, deposits, ACH, withdrawals or transfers/ wire transfers is an invasion of Petitioner's privacy rights afforded under the Right to Financial Privacy Act and under Florida's right to privacy as set forth in Art. I, Sec. 23 of the Florida Constitution. *See* Art. I, Sec. 23, Fla. Const. ("Every natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein...")

5. The Federal Trade Commission is attempting to conduct a baseless inquiry and search under the color of state power in violation of my Fourteenth Amendment Due Process Right under the US Constitution and under Art. I, Sec. 12 of the Florida Constitution.

6. Federal Trade Commission has no probable cause or evidence to suggest that Petitioner's PayPal account has anything to do with Kevin Guice or with monitoring in regards to compliance reviews. There is no admissible evidence that has any correlation to even point to Petitioner's PayPal account. After all the financial records from 419 Solutions and Terra Barrs' account(s); along with Terra Barrs' deposition on December 10, 2019, nothing has led to Gregory Guice's PayPal regarding any transactions. Terra Barrs stated that the company was opened late 2017 and closed in March of 2019. Therefore, Petitioner's personal financial records that are not jointly owned with Kevin Guice are not proportional to the needs of this subpoena and should at least be limited to the timeframe in questioning by the Federal Trade Commission or furthermore be fully protected under Rule 26 (c) and Rule 45 (c).

7. In short, the information sought by the subpoena is not reasonably calculated to lead to evidence admissible in the underlying litigation, and that the production of information is unduly burdensome. Any information sought by means of subpoena must be relevant to the claims and defenses in the underlying case. More precisely,

the information sought must be "reasonable calculated to lead to admissible evidence." Rule 26(b). This requirement is liberally construed to permit the discovery of information which ultimately may not be admissible at trial. Overbroad subpoenas seeking irrelevant information may be quashed or modified. (See e.g. Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal.2005)).

8. Federal Rule of Civil Procedure 45 and 26 requirement that discovery be proportional to the needs of the case; which this is not relevant to the Federal Trade Commission inquiry and the Federal Trade Commission has no legitimate basis or probable cause for requesting this subpoena. As this subpoena does not include any information or requests for Kevin Guice, and to the compliance of Kevin Guice. 16 CFR § 3.34. Information is not discoverable if it is not relevant Fed. R Civ. P. 26. Moreover, discovery request are overbroad, even if some responsive information is conceivably relevant, the subpoena should be quashed fully, or at least should be limited to specific requests.

9. For the foregoing reasons, this Court should quash the proposed afford protection to Gregory Guice regarding his financial records. Also, if the subpoena not be quash entirely; at least, limit the subpoena to the extent the subpoena be purport that of the relevant area, time and scope of the records and not the entirety or whole lifetime of the financial records. Rule 18CFR 385.410(c) and also Florida Rules of Civil Procedure 1.410 (c)

10. Lastly, even if the subpoenas are not quashed in their entirety, any documents or information obtained should remain confidential and should not be disclosed to any other government agency beyond the FTC or any other entity, nor should the records be shared with any other person, including, but not limited to, the receiver appointed in the above-styled matter as the receiver is not a federal agency nor is Petitioner subject to any order that would authorize the receiver access to his financial information.

11. Finally, this motion was submitted to The Middle District Court of Florida, Orlando Division on September 2, 2020. The Middle District Judge Gregory J. Kelly stated that petitioner did not submit the subpoena and was unable to proceed. Petitioner then resubmitted on September 11, 2020 and was advised that Honorable Judge Gregory J. Kelly was not within jurisdictional boundaries and that this motion needs to be submitted to the proper courts. Petitioner had also reached out to The Federal Trade Commission Mr. Lappe and also Mr. Rosenberg directly, in an email to petitioner was told on August 26, 2020 "refrain from producing any documents related to your accounts to us until resolution of your motion to quash."

WHEREFORE, Petitioner respectfully requests this Court to grant the request in the quash the subpoena and enter a protective order consistent with the relief set forth above and for all other protections as the Honorable Court deems just and proper.

Dated: September 15, 2020

Orlando, FL

By: _____
Gregory Guice
Pro Se
deanguice5@outlook.com
407-715-4010
5626 Jean Dr
Orlando, Fl 32822